# CASES

IN THE

# SUPREME JUDICIAL COURT

OF THE

# STATE OF MAINE.

---

STEPHEN H. WEST *vs.* ALBERT B. FURBISH *et al.*

Androscoggin. Decided August 4, 1877.

*Bankruptcy.*

Assumpsit against F. and another, to recover a debt provable in bankruptcy and for which the defendants were jointly liable. Prior to the commencement of the action, F. had become adjudged a bankrupt, but had not received his discharge. *Held*, that the plaintiff, on proper suggestion of the bankruptcy, might strike the bankrupt's name from the suit, without costs, and prosecute his action against the other defendant. R. S. c. 82, § 47.

ON REPORT.

ASSUMPSIT to recover $738.95 of the defendants, who were builders and copartners in business at the time the services charged for were rendered.

At the time of bringing the action, in September, 1876, one of the defendants, Furbish, was in bankruptcy and not discharged at the April term, S. J. C., 1877, when the plaintiff, by the provision of R. S., c. 82, § 47, discontinued as to him and struck his name from the suit without costs.

Thereupon the defendant, Swett, contended that inasmuch as the plaintiff had voluntarily released the bankrupt without waiting for his final discharge in bankruptcy, such release operated as a release of the other defendant, and that this action as against him alone could not be further maintained. If, in the opinion of the court, this position of the defendant is well taken, it was agreed

that a nonsuit should be ordered, otherwise that judgment should be rendered for the plaintiff.

*L. H. Hutchinson & A. R. Savage,* for the plaintiff, relied upon R. S., c. 82, § 47.

*W. P. Frye, J. B. Cotton & W. H. White,* for the defendant, Swett, contended in substance that though true it is that the plaintiff may, by virtue of section 47, strike the name of the bankrupt defendant from the suit, yet that section, on this question, differs from section 11 of the same chapter, only in the matter of costs; section 11 providing that the plaintiff may strike out the name of any defendant, on payment of costs; and section 47 providing that he may strike out the name of a bankrupt defendant, without costs; that it would not be claimed in this case if Furbish had not filed his petition in bankruptcy, that the action could be maintained against Swett alone even though the plaintiff had discontinued and paid costs under section 11; that the permission of the statute to strike out a name, in either case, was one to be exercised at the plaintiff's risk, at the hazard of having his writ abate by reason of non-joinder of necessary parties; that whether the name of the bankrupt defendant, Furbish, was properly struck out could only be known after he had obtained his discharge in bankruptcy, and after he had pleaded it.

*Reply.* To be sure under section 11, the plaintiff may, if he will, strike out a defendant's name unreasonably and incur risks; but the statute was not intended to cover such a case; perhaps he might do that without the statute. It is implied in both §§ 11 and 47, that the discontinuance is rightful and that after striking out one defendant, the plaintiff may proceed against the other.

Striking out of a defendant in bankruptcy, will not operate as a release of a co-defendant. *Dole* v. *Warren,* 32 Maine, 94. *Walker* v. *McCulloch,* 4 Maine, 421. *Ruggles* v. *Patten,* 8 Mass. 480. *Shaw* v. *Pratt,* 22 Pick. 305. *McAllester* v. *Sprague,* 34 Maine; 296.

VIRGIN, J. In actions *ex contractu,* the common law generally requires that a recovery must be against all or none of the joint contractors. This general rule, like most others, has its exceptions; as where one of the joint promisors resides without, and has no

property within the jurisdiction, so that no service can be made upon him, (*Dennett* v. *Chick*, 2 Maine, 191; *Rand* v. *Nutter*, 56 Maine, 339); or has deceased, (*Harwood* v. *Roberts*, 5 Maine, 441); or pleaded infancy, (*Cutts* v. *Gordon*, 13 Maine, 474); or bankruptcy, (*Coburn* v. *Ware*, 25 Maine, 330); in which cases their names may be stricken from the writ, and judgment be recovered against the other defendants.

The same rule required all the joint promisors to be made parties, although one of them had received his discharge in bankruptcy. 1 Chit. Plead. 42, 42 *a*. He might or might not plead his discharge. If he did and proved it, he recovered his costs. Such recovery did not prevent the plaintiff from obtaining judgment against the other defendants. The bankrupt act itself provides (§ 5118) that "no discharge shall release, discharge or affect any person liable for the same debt, for or with the bankrupt, either as partner, joint contractor, indorser, surety or otherwise."

In 1868, (cc. 157 and 223,) and 1870, (c. 79,) the legislature intervened to regulate actions pending in which any defendant therein is a bankrupt. The provisions are embodied in R. S., c. 82, §§ 46 and 47. Section 47 provides in effect that when it appears that any defendant is voluntarily or involuntarily adjudged a bankrupt, "either before or after the commencement of the action," it shall be continued until the proceedings in bankruptcy are closed on two conditions;

1. The plaintiff need not wait for the termination of bankrupt proceedings, to the end that if the bankrupt obtain his certificate of discharge he may plead it; but upon suggestion of the commencement of such proceedings, the plaintiff may, if he will, thereupon strike such bankrupt defendant's name from the suit "without costs," and proceed at once against the remaining defendants; or,

2. If such bankrupt defendant fail to use due diligence in the prosecution of his bankrupt proceedings after one term's notice in writing from the plaintiff, then, in the absence of any stay of proceedings from the bankrupt court under the provisions of U. S. Rev. Sts. § 5106, the plaintiff may by leave of court proceed without further delay against all the defendants including the bankrupt.

The objection that this statute permits the striking out of a bankrupt defendant's name only when he is a several promisor,

is not tenable. The statute makes no distinction between joint and several promisors, but applies in terms to "any defendant." There need be but one. *Severy* v. *Bartlett*, 57 Maine, 416. If the legislature intended it to apply to a several promisor only, the clause relating to defendants whose bankruptcy proceedings commenced "before" as well as "after the commencement of the suit," would be useless; for if severally bound, the bankrupt defendant who has filed his petition or has been adjudged a bankrupt before suit, need not be sued; but in such case, the plaintiff may select any solvent promisor and sue him alone; while if jointly bound, they must all be sued, even if one or more is in bankruptcy.

The object of the statute would seem to be two-fold. One clause is in consonance with U. S. Rev. Sts. § 5106, and is intended to protect the bankrupt, that the action shall, on suggestion of bankruptcy by the bankrupt, (*Palmer* v. *Merrill*, 57 Maine, 26,) be continued a reasonable time, to the end that the question of his discharge may be determined, and if obtained, that he may plead it; and the other to aid the plaintiff in obtaining a speedy judgment against his solvent debtors, when without the statute his remedy might be clogged by reason of the bankruptcy of one of them.

*Judgment for the plaintiff.*

*Damages to be assessed by clerk at nisi prius.*

APPLETON, C. J., WALTON, BARROWS, PETERS and LIBBEY, JJ., concurred.